ENTERED
12/27/2011

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

```
                                  )
IN RE                             )
                                  )
KATIE VASSER,                     )   CASE NO. 11-33096-H3-7
                                  )
          Debtor,                 )
                                  )
JANET S. NORTHRUP, TRUSTEE,       )
                                  )
          Plaintiff,              )
v.                                )   ADV. NO. 11-3411
                                  )
KATIE VASSER,                     )
                                  )
          Defendant.              )
                                  )
```

## MEMORANDUM OPINION

The court has held a hearing on its Order to Show Cause (Docket No. 17) directed to Samuel Milledge, the attorney for the Defendant in the above captioned adversary proceeding, as to why he should not disgorge his attorney fees and why he should not be sanctioned for failure to appear and properly represent Defendant.  At the conclusion of the hearing, Plaintiff, through her counsel, orally moved for an award of sanctions payable to the estate.  The court directed Plaintiff to make any such motion in writing.  Plaintiff filed a motion, titled "Trustee's Written Submission After Show Cause Hearing" (Docket No. 21).  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered sanctioning Samuel Milledge.  To the extent any of the Findings of Fact are

considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Katie Vasser ("Debtor" or "Defendant") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 5, 2011.  Janet S. Northrup ("Plaintiff") is the Chapter 7 Trustee.

On July 26, 2011, Plaintiff filed the complaint in the instant adversary proceeding.  Plaintiff seeks denial of Debtor's discharge, asserting that Debtor knowingly and fraudulently made false statements in Debtor's schedules, statement of financial affairs, and an amended petition.  The complaint contains eighteen paragraphs of factual allegations, including allegations of this court's jurisdiction, the identities of the parties, the propriety of service, and factual allegations addressing the substance of the claim on which Plaintiff seeks relief in the adversary proceeding.  (Docket No. 1).

Plaintiff filed a return of service on July 28, 2011. Defendant failed to file a timely answer.  On August 31, 2011, Plaintiff filed a motion for default judgment.  (Docket No. 7).

On September 6, 2011, Defendant filed a document described in its title as an answer.  (Docket No. 8).  The answering paragraphs state, in full:

> 1.   The allegations contained in Movant [sic]
> complaint are DENIED.
> 2.   Debtor request [sic] that Movant's Complaint for
> Relief be Denied.

(Docket No. 8).

On September 9, 2011, Plaintiff's counsel served

Defendant's counsel with a proposed motion for sanctions, stating

that it would be filed on October 3, 2011 if corrective action

was not taken.

On September 12, 2011, Plaintiff moved to strike

Defendant's answer, on grounds it failed to comply with Rule 8 of

the Federal Rules of Civil Procedure, as made applicable by

Bankruptcy Rule 7008, requiring that general denials are

permitted only if the answering party intends in good faith to

deny all of the allegations of the complaint, including the

jurisdictional grounds.  (Docket No. 11).

On September 27, 2011, this court held an initial

status conference in the above captioned adversary proceeding.

Samuel Milledge, counsel for Defendant, failed to appear.

Defendant did not file a response addressing the

substance either of the motion for default judgment or the motion

to strike, but instead on October 3, 2011, filed an amended

answer.  In the amended answer, Defendant admitted the

allegations of nine of the 18 paragraphs of the complaint, plus

one sub-paragraph, and denied the allegations of six paragraphs,

plus one sub-paragraph.[1]   (Docket No. 13).

On October 20, 2011, the court entered the instant

Order to Show Cause.   In the order, the court directed Milledge

to show cause why he should not disgorge any attorney fee he has

received in connection with the above captioned case, and why he

should not be sanctioned, for his "failure to appear and properly

represent Katie Vasser, Defendant."   (Docket No. 17).

At the hearing on the instant Order to Show Cause,

Milledge testified that he has not accepted any attorney fees

with respect to this case.   He testified that he failed to appear

at the initial status conference because he was in a deposition

and lost track of time.

After Milledge presented his testimony responsive to

the Order to Show Cause, counsel for Plaintiff presented argument

that Milledge should be sanctioned based on his failure to

properly represent Debtor, by failing to file a timely answer,

filing an answer that he knew or should have known was

insufficient.   Counsel for Plaintiff articulated an argument that

Milledge should be sanctioned in the amount of at least $4,025,

payable to the estate, because Trustee was required to file a

---

[1]The two remaining paragraphs, paragraphs 14 and 16 of the
complaint, set forth statutory language, and do not require a
response.

motion for default judgment and a motion to strike.  The court
directed Plaintiff to submit its motion in written form.

Milledge was given an opportunity to respond to
Trustee's argument at the hearing, and to respond to Trustee's
motion, in writing.  Milledge argued that he had not improperly
represented Defendant because he had not received anything, and
because the estate recovered funds that Debtor might have
recovered.  He admitted that he filed a late answer and an
improper answer, but argued that he does not believe the filings
caused harm in the amount requested by Trustee.

On November 16, 2011, Plaintiff filed "Trustee's
Written Submission After Show Cause Hearing" (Docket No. 21).
The document submitted by Trustee is a motion seeking sanctions
in the amount of $4,472.50.  The motion contains the negative
notice language required under Bankruptcy Local Rule 9013-1(b),
requiring a response within 21 days.  The motion is supported by
the affidavit of Rhonda Chandler, counsel for Plaintiff.

Chandler's affidavit reflects, inter alia, Plaintiff's
service of the complaint; Plaintiff's filing and service of the
motion for default judgment and motion to strike; Plaintiff's
appearance at the September 27, 2011 status hearing and
Milledge's failure to appear; Plaintiff's request to schedule a
Rule 26(f) conference, to which Milledge never responded; and

authenticating the time records for Trustee's counsel to support

the request for $4,472.50 in fees.  (Docket No. 21).

The time to respond to Trustee's motion has expired.

Neither Defendant nor Milledge has filed a response to Trustee's

motion.

Conclusions of Law

There are two predicates in the rules for imposition of

sanctions in the instant case: Bankruptcy Rule 9011, and Rule

16(f) of the Federal Rules of Civil Procedure, as made applicable

by Bankruptcy Rule 7016.

Under Bankruptcy Rule 9011(b), by presenting to the

court a pleading, an attorney represents that:

> (1) it is not being presented for any improper purpose,
> such as to harass or to cause unnecessary delay or
> needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions
> therein are warranted by existing law or by a
> nonfrivolous argument for the extension, modification,
> or reversal of existing law or the establishment of new
> law;
>
> (3) the allegations and other factual contentions have
> evidentiary support or, if specifically so identified,
> are likely to have evidentiary support after a
> reasonable opportunity for further investigation or
> discovery; and
>
> (4) the denials of factual contentions are warranted on
> the evidence or, if specifically so identified, are
> reasonably based on a lack of information or belief.

Bankruptcy Rule 9011(b).

A motion for sanctions may not be filed with or
presented to the court unless, within 21 days after service of
the motion, the challenged paper, claim, defense, contention,
allegation, or denial is not withdrawn or appropriately
corrected.  Cadle Co. v. Pratt, 524 F.3d 580 (5th Cir. 2008).

In the instant case, the denials of several of the
factual contentions in Defendant's original answer were not
warranted, and Milledge knew or should have known they were not
warranted.  They appear either to have been presented for the
improper purposes of causing unnecessary delay or needless
increase in the cost of the instant adversary proceeding, or to
have been the result of inattention or incompetence on the part
of Milledge.

However, on October 3, 2011, Defendant filed an amended
answer, correcting the grounds set forth in the motion for
sanctions.  Thus, sanctions are not available under Bankruptcy
Rule 9011.

Rule 16(f) of the Federal Rules of Civil Procedure, as
made applicable by Bankruptcy Rule 7016, provides:

> (f) Sanctions
>
>> (1) In General.  On motion or on its own, the
>> court may issue any just orders, including those
>> authorized by Rule 37(b)(2)(A)(ii)-(vii), if a
>> party or its attorney:
>>
>>> (A) fails to appear at a scheduling or other
>>> pretrial conference;

> > (B) is substantially unprepared to
> > participate -- or does not participate in
> > good faith -- in the conference; or
>
> > (C) fails to obey a scheduling or other
> > pretrial order.
>
> (2) Imposing Fees and Costs.  Instead of or in
> addition to any other sanction, the court must
> order the party, its attorney, or both to pay the
> reasonable expenses -- including attorney's fees
> -- incurred because of any noncompliance with this
> rule, unless the noncompliance was substantially
> justified or other circumstances make an award of
> expenses unjust.

Rule 16(f), Fed. R. Civ. P.

In the instant case, Milledge failed to appear at the status conference on September 27, 2011.  Thus, the court must order Milledge to pay the reasonable expenses incurred because of his failure to appear.  Those expenses include the preparation of Plaintiff's counsel for the status conference (1.5 hours), preparation for (1.2 hours) and attendance at (1.3 hours) the hearing on this court's Order to Show Cause, and preparation of Trustee's motion (1.4 hours).  The reasonable expenses incurred for Milledge's failure to appear at the status conference total $1,890.00.[2]

The purposes of the status conference, under Rule 16(a) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7016, include to expedite disposition of the

---

[2]This amount represents 5.4 hours at Trustee's counsel's rate of $350 per hour.

8

action, and to discourage wasteful pretrial activities.  Rule

16(a), Fed. R. Civ. P.

Rule 26(f) of the Federal Rules of Civil Procedure, as

made applicable by Bankruptcy Rule 7026, requires that the

parties confer, at least 21 days before a scheduling conference,

and attempt in good faith to agree on a discovery plan.  Rule

26(f), Fed. R. Civ. P.

In the instant case, Milledge's failure to appear

caused additional wasteful pretrial activities.  The court

addressed Plaintiff's motions for default judgment and to strike

the original answer without the benefit of Milledge's

participation.[3]  Moreover, Milledge did not participate in

formulation of a discovery plan in this adversary proceeding,

thus occasioning further delay and increase in expenses.  The

court concludes that, as an additional sanction, Milledge should

pay the fees incurred by Plaintiff in preparing the motion for

default judgment (3.3 hours) and preparing the motion to strike

(3.6 hours).  A reasonable additional sanction for this part of

---

[3]The court notes that the motions were denied primarily
because granting either one, despite the procedural errors of
Milledge, would have deprived Debtor of a discharge without an
opportunity for defense.  The court determined not to hold
Milledge's failings against his client in this instance, given
the high stakes involved.

Milledge's failure to properly represent the Defendant in this adversary proceeding is $2,415.00.[4]

Based on the foregoing, a separate Judgment will be entered ordering Milledge to pay $4,305.00 to the estate as a sanction, pursuant to Rule 16(f) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7016.

Signed at Houston, Texas on December 27, 2011.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[4]This amount represents 6.9 hours at Trustee's counsel's rate of $350 per hour.